RCV'D - USDC - CHAS, SC
2025 AUG 27 AM 8:41

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| LEAH HERRINGTON LADUE,<br>   Plaintiff,<br><br>V.<br><br>NORTHROP GRUMMAN<br>CORPORATION;<br>JOHN DOES 1-50; and<br>Other Unknown Individuals/Entities,<br><br>   Defendants. | **CIVIL COMPLAINT**<br><br><br><br><br>Case No.: 2:25-cv-12403-RMG-MGB |

## VERIFIED COMPLAINT

**COMES NOW,** Plaintiff Leah Herrington Ladue, *pro se*, who moves this Honorable Court with the instant *Verified Complaint* pursuant to any and all applicable statutes, constitutional provisions, et al. In support thereof, the Plaintiff avers the following:

### I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Leah Herrington Ladue, is a natural person and a resident of Charleston County, South Carolina.

2. Defendant Northrop Grumman Corporation ("NGC") is, upon information and belief, a foreign corporation organized under the laws of Delaware with

its principal place of business in Falls Church, Virginia, and doing business within the State of South Carolina and throughout the United States.

3. Defendants John Does 1–50 are individuals or entities whose identities are presently unknown to Plaintiff. Upon information and belief, these unknown Defendants participated in, directed, facilitated, or assisted with the acts alleged herein, including stalking, harassment, surveillance, interference with employment, and intentional infliction of emotional distress.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties are diverse in citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. In addition, this Court has federal question jurisdiction under 28 U.S.C. § 1331 to the extent that Plaintiff's allegations implicate rights protected by the United States Constitution and federal statutes.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Charleston County, South Carolina, and because Defendants are subject to personal jurisdiction in this District.

## II. FACTUAL BACKGROUND

### A. RETALIATION BY EX-HUSBAND AND BOEING (2016)

6. In August 2016, Plaintiff's ex-husband allegedly retaliated against her by filing an anonymous ethics complaint with her employer, The Boeing Company, through Boeing's Ethics Office.

7. Plaintiff had taken unpaid leave to grieve the death of her daughter and to care for her ailing mother. During this period, she was told she could assist with her family business without pay. Nevertheless, within six months of her return, she was terminated.

8. During this same timeframe, the South Carolina Department of Revenue initiated an audit against Plaintiff, which, despite her full cooperation, continued until 2020, causing severe financial and emotional distress.

## B. EMPLOYMENT AND INJURY AT NORTHROP GRUMMAN (2017-2019)

9. Plaintiff began working for NGC in July 2017. Initially, her employment was successful; however, after raising concerns with Human Resources, the work environment deteriorated.

10. In July 2018, Plaintiff suffered a serious work injury requiring surgery. Upon her return from medical leave, she was subjected to a hostile work environment, reassigned to menial tasks, placed under surveillance, and excessively scrutinized.

11. In September 2019, Plaintiff was told to either relocate or resign. Because of family obligations, relocation was not possible. She was ultimately terminated after signing a Reduction in Force ("RIF") agreement.

### C. HARASSMENT AND SURVEILLANCE PATTERNS (2018-PRESENT)

12. Beginning in late 2018, Plaintiff noticed persistent surveillance and harassment, including being followed in vehicles, in airports, and during medical appointments and vacations.

13. Plaintiff has documented this harassment with photographs, filed police reports, and believes the actions are connected to her former employers and/or her ex-husband.

### D. CANCUN SURVEILLANCE INCIDENT (JANUARY 2022)

14. While on vacation in Cancun in January 2022, Plaintiff and her partner encountered suspicious individuals who appeared to know her itinerary and personal preferences. These individuals filmed her with a GoPro and gained her trust under false pretenses.

15. Following this incident, Plaintiff's partner ended their relationship, believing her concerns were delusional, causing her immense personal harm.

### E. GE HITACHI EMPLOYMENT AND TERMINATION (2022)

16. In April 2022, Plaintiff worked remotely for GE Hitachi through YOH/Day & Zimmerman.

17. Within weeks, management's behavior shifted, and Plaintiff observed unusual LinkedIn profile views by GE's Ethics Division.

18. Without warning, her system access was revoked and she was terminated without due process or substantiated cause.

### F. INTERFERENCE IN BUSINESS SALE AND WORKPLACE MONITORING (2023-2024)

19. In 2023, Plaintiff attempted to sell her family's business. Prospective buyers with connections to Falls Church, Virginia (NGC headquarters) abruptly withdrew without explanation.

20. Following the eventual sale to others, workplace surveillance resumed, spyware was detected, and a suspicious new employee was embedded for more than a year. Plaintiff believes this was orchestrated sabotage.

### G. ONGOING BLACKLISTING AND EMOTIONAL HARM (2024-2025)

21. Plaintiff has applied for numerous jobs but has been unable to secure meaningful employment. She reasonably believes she has been blacklisted by Defendants.

22. The ongoing interference has caused financial devastation, reputational harm, and severe emotional distress.

## III. CAUSES OF ACTION

### A. FIRST CAUSE OF ACTION - INVASION OF PRIVACY

23. Plaintiff incorporates by reference all preceding paragraphs.

24. Defendants intruded upon Plaintiff's solitude, including her private home, travel, medical care, and professional affairs.

25. Such conduct would be highly offensive to a reasonable person and caused Plaintiff substantial harm.

### B. SECOND CAUSE OF ACTION - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)

26. Plaintiff incorporates by reference all preceding paragraphs.

27. Defendants engaged in extreme and outrageous conduct—including stalking, surveillance, and digital intrusion—with the intent to cause Plaintiff severe distress.

28. Plaintiff has suffered emotional trauma, reputational harm, and economic loss as a direct result.

### C. THIRD CAUSE OF ACTION - TORTIOUS INTERFERENCE WITH ECONOMIC ADVANTAGE

29. Plaintiff incorporates by reference all preceding paragraphs.

30. Plaintiff had valid employment and business expectations.

31. Defendants, without justification, interfered by disseminating false information, manipulating potential employers, and sabotaging business relationships.

32. Plaintiff suffered loss of economic opportunities and continuing financial harm.

### D. FOURTH CAUSE OF ACTION - DEFAMATION

33. Plaintiff incorporates by reference all preceding paragraphs.

34. Defendants made false statements concerning Plaintiff's mental health, character, and professional competence.

35. These statements were defamatory per se, made with malice, and caused significant reputational and economic harm.

### IV. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests:

a. Award compensatory damages in an amount to be determined at trial;

b. Award punitive damages for Defendants' willful and malicious conduct;

c. Grant injunctive relief to prevent ongoing harassment, surveillance, and retaliation;

d. Award costs of suit and such other relief as the Court deems just and proper.

Respectfully submitted,

/S/ LEAH HERRINGTON LADUE

**Leah Herrington Ladue**
*Pro Se* **Plaintiff**
**Charleston, South Carolina**
**Phone: (843) 860-5687**
**leahladue@comcast.net**

Dated: July 27, 2025