UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Leah Herrington LaDue, ) | Case No. 2:25-cv-12403-RMG-MGB |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| Northrop Grumman Corporation; ) | |
| John Does 1–50; and ) | |
| Other Unknown Individuals/Entities, ) | |
| ) | |
| Defendants. ) | |

Leah Herrington LaDue ("Plaintiff"), proceeding *pro se*, brings this civil action against her former employer, Northrop Grumman Corporation ("Northrop Grumman"). Under 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review all pretrial matters in this case and submit findings and recommendations to the assigned United States District Judge. For the reasons discussed below, the undersigned recommends that this action be summarily dismissed without further leave to amend.

## BACKGROUND

Plaintiff filed this action on September 9, 2025, alleging a years-long campaign of harassment against her by unidentified Northrop Grumman employees through "stalking, surveillance, and digital intrusion," as well as "sabotaging [Plaintiff's] business relationships" and "manipulating [her] potential employers." (Dkt. No. 1 at 6–7.) Invoking subject matter jurisdiction under 28 U.S.C. § 1332(a), Plaintiff raised claims for invasion of privacy, intentional infliction of emotional distress, tortious interference with economic advantage, and defamation. (*Id.*) Upon reviewing these initial allegations, the undersigned issued an order notifying Plaintiff that her Complaint was subject to summary dismissal for "factual frivolousness" and affording her an

1

opportunity to file an amended pleading that cured the deficiencies identified in the Complaint. (Dkt. No. 4 at 4.) The undersigned noted that if Plaintiff filed an amended pleading, it would completely replace and supersede the original Complaint. (*Id.*)

On October 1, 2025, in compliance with the undersigned's instructions, Plaintiff filed an Amended Complaint—the facts and claims of which now govern the scope of this initial review. (Dkt. No. 9.) According to the Amended Complaint, Plaintiff began working at Northrop Grumman in July 2017. (Dkt. No. 7 at 3.) "After raising HR concerns, she faced hostility." (*Id.*) More specifically,

> In July 2018, Plaintiff suffered a workplace injury requiring surgery. After returning, she was demoted to menial work, placed under surveillance, and subjected to harassment.
>
> In September 2019, she was told to relocate or resign. Unable to relocate, she was terminated under a RIF agreement.

(*Id.* at 3.)

Plaintiff suggests that despite eventually settling a workers' compensation claim against Northrop Grumman (Dkt. No. 7-1 at 2), her former employer "conspired" with various unidentified individuals to engage in a campaign of "surveillance and harassment" against Plaintiff (Dkt. No. 7 at 2–3). For example, the Amended Complaint describes a trip to Cancun from January 2022, where Plaintiff "encountered individuals who appeared aware of her itinerary. They videotaped her with a GoPro." (*Id.* at 4.) Plaintiff also claims that after beginning work with GE Hitachi in April 2022, "her system access was revoked and she was terminated without cause after suspicious ethics-related monitoring." (*Id.*) Plaintiff further surmises that Northrop Grumman interfered with the sale of her family's business in 2023, noting that prospective buyers "with ties to Falls Church, Virginia withdrew [from the sale] without explanation," and "[s]pyware was discovered on business systems." (*Id.*) Finally, Plaintiff states that "she has been blacklisted through coordinated

defamation and interference," and has been "unable to secure employment despite multiple applications." (*Id.*)

Based on this purported "campaign of surveillance, interference, and reputational sabotage," Plaintiff claims that she has suffered "financial devastation, emotional distress, and lasting harm." (*Id.* at 5.) While she has "attempted to obtain relief through law enforcement," Plaintiff contends that the alleged harassment has left her "with no choice but to seek relief through the court." (Dkt. No. 7-1 at 3.) In addition to the initial state law claims raised in the original Complaint (Dkt. No. 1), Plaintiff now adds a fifth cause of action under the Racketeer Influenced and Corrupt Organizations Act ("RICO") (18 U.S.C. § 1961), asserting that "Defendants conducted an enterprise through a pattern of racketeering acts including stalking, mail fraud, wire fraud, and commercial obstruction." (Dkt. No. 7 at 6.) She seeks compensatory damages and treble damages pursuant to 18 U.S.C. § 1964(c). (*Id.* at 7.)

## STANDARD OF REVIEW

Although Plaintiff is not proceeding *in forma pauperis*, her Amended Complaint is nonetheless subject to initial review pursuant to the inherent authority of this Court to ensure that a plaintiff has standing, that federal jurisdiction exists, and that the case is not frivolous. Indeed, "[i]t is well established that a court has broad inherent power *sua sponte* to dismiss an action, or part of an action, which is frivolous, vexatious, or brought in bad faith." *See Hamilton v. United States*, No. 2:20-cv-1666-RMG-MHC, 2020 WL 7001153, at *1 (D.S.C. Aug. 26, 2020), *adopted*, 2020 WL 5939235 (D.S.C. Oct. 7, 2020) (internal citations omitted); *see also Harley v. United States*, 349 F. Supp. 2d 980, 981 (M.D.N.C. 2004) (noting that the court must consider whether the complaint asserts a plainly meritless legal theory or alleges clearly unbelievable facts); *Ross v. Baron*, 493 F. App'x. 405, 406 (4th Cir. 2012). Accordingly, a court has "the discretion to dismiss a

3

case at any time, notwithstanding the payment of any filing fee or any portion thereof, if it determines that the action is factually or legally frivolous." *Brown v. Maynard*, No. 1:11-cv-619-SKG, 2011 WL 883917, at *1 (D. Md. Mar. 11, 2011).

## DISCUSSION

Despite receiving an opportunity to amend her original allegations, Plaintiff's Amended Complaint remains subject to summary dismissal. As the undersigned previously warned Plaintiff (Dkt. No. 4 at 4), "the district court is entrusted with the discretion to dismiss [a] case for factual frivolousness 'when the facts alleged rise to the level of the irrational or the wholly incredible.'" *See Johnson v. Dep't of Just.*, No. 6:21-cv-1131-MGL-JDA, 2021 WL 6424626, at *3 (D.S.C. Apr. 19, 2021), *adopted*, 2022 WL 105724 (D.S.C. Jan. 11, 2022) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)); *see also Van Dyke v. Davis*, No. 1:05-cv-357, 2006 WL 1582396, at *1 n.6 (W.D.N.C. June 6, 2006) (explaining that a court "is permitted to apply common sense and reject the fantastic") (internal citations omitted).

Such is the case here, as the pleading is premised on a vague scheme spanning over seven years, whereby unidentified Northrop Grumman agents colluded to harass Plaintiff by surveilling her every move and sabotaging any potential professional opportunities—all without any clear reasons or explanation for doing so. Indeed, beyond her speculative, fantastical assertion that the various incidents alleged in her pleading were somehow part of a larger conspiracy orchestrated by Northrop Grumman, there are still no factual allegations that raise such a claim "above the speculative level" to one that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). In fact, to accept such a claim "requires a leap of logic so untenable that this argument borders on the frivolous and ridiculous." *Pyne v. United States*, No. 8:04-cr-18, 2016 WL 1377402, at *5 (D. Md. Apr. 7, 2016). To that end, Plaintiff's claims must be dismissed as

frivolous.

## CONCLUSION

Based on the above, the undersigned **RECOMMENDS** that this action be **DISMISSED** without further leave to amend, as Plaintiff has already had an opportunity to do so. *See Britt v. DeJoy*, 45 F.4th 790, 798 (4th Cir. 2022); *see also Workman v. Morrison Healthcare*, 724 F. App'x. 280, 281 (4th Cir. June 4, 2018). The Clerk of Court shall not forward this matter to the United States Marshal Service for service of process at this time.

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

December 4, 2025
Charleston, South Carolina

**The parties' attention is directed to an important notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).