IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Leah Herrington LaDue,<br><br>       Plaintiff,<br>  v.<br><br>Northrop Grumman Corporation;<br>John Does 1–50; and<br>Other Unknown Individuals/Entities,<br><br>       Defendants. | Case No. 2:25-cv-12403-RMG<br><br><br>**ORDER** |

      Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge recommending that this pro se action be summarily dismissed, without leave to amend, and without issuance and service of process. (Dkt. No. 10). Plaintiff filed no objections to the R & R. As set forth below, the Court adopts the R & R as the order of the Court and summarily dismisses this action, without leave to amend, and without issuance and service of process.

**I.   Legal Standard**

      The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but

instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' ") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II. Discussion

Plaintiff filed this action for claims of invasion of privacy, intentional infliction of emotional distress, tortious interference with economic advantage, and defamation. (Dkt. No. 1 at 6-7). The Magistrate Judge issued an order that Plaintiff's Complaint was subject to summary dismissal for "factual frivolousness" and gave her an opportunity to cure the deficiencies identified in the Complaint. (Dkt. No. 4 at 4). Plaintiff filed an Amended Complaint and added a fifth cause of action under the Racketeer Influenced and Corrupt Organizations Act ("RICO") (18 U.S.C. § 1961), asserting that "Defendants conducted an enterprise through a pattern of racketeering acts including stalking, mail fraud, wire fraud, and commercial obstruction." (Dkt. No. 7 at 6.) She seeks compensatory damages and treble damages pursuant to 18 U.S.C. § 1964(c). (*Id*. at 7.)

After thorough review of the R & R, the Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Plaintiff's case should be summarily dismissed.

The Court agrees with the Magistrate Judge that the claim is frivolous because there is no plausible federal claim arising from the facts alleged in the complaint. (Dkt. No. 10 at 4). Plaintiff's allegations are frivolous because Plaintiff's allegations lack an arguable basis in fact or law. As the Magistrate Judge properly identified, Plaintiff's allegations are premised "on a vague scheme spanning over seven years, whereby unidentified Northrop Grumman agents colluded to harass Plaintiff by surveilling her every move and sabotaging any potential professional opportunities" (*Id.*). Plaintiff's complaint has no factual allegations that raise such a claim "above the speculative level" to one that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

2

As the Magistrate Judge properly identified, Plaintiff's allegations are conclusory and subject to summary dismissal as frivolous. *Mayhew v. Duffy*, No. 2:14-cv-24-RMG, 2014 WL 468938, at *1 (D.S.C. Feb. 4, 2014) (court exercising its inherent authority to dismiss a frivolous case where pro se plaintiff filed a new action seeking to vacate a previously adjudicated case).

### III.   Conclusion

In light of the foregoing, the Court **ADOPTS** the Report and Recommendation (Dkt. No. 10) as the Order of the Court and **DISMISSES** Plaintiff's complaint without prejudice, without leave to amend, and without issuance and service of process.

 s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

December 22, 2025
Charleston, South Carolina

3